# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF KANSAS

RON DURBIN,

    Plaintiff,

v.                                                          Case No. 09-CV-02671-JAR-GLR

YELLOW TRANSPORTATION,
INC.,YRC WORLDWIDE, INC.,
YRC REGIONAL TRANSPORTATION,
INC.,YRC NORTH AMERICAN
TRANSPORTATION, INC.,
d/b/a YELLOW FREIGHT,

    Defendants.

## DEFENDANT YELLOW TRANSPORTATION, INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW**, Defendant Yellow Transportation, Inc. (hereinafter "Defendant), by and through its undersigned counsel of record, and for its Answer to Plaintiff's Complaint, states as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2. In response to Paragraph 2 of Plaintiff's Complaint, Defendant admits that it is a "corporation in good standing" with the State of Kansas. Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, denies the same. Likewise, Defendant denies that it is a Kansas corporation.

3. Defendant admits that it is a subsidiary corporation of YRC Worldwide, Inc. Defendant denies the remaining allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 4, 5 and 6 of Plaintiff's Complaint and, therefore, denies the same.

5. Defendant denies the allegations in Paragraph 7 and 8 of Plaintiff's Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 9, 10, 11 and 12 of Plaintiff's Complaint and, therefore, denies the same.

7. Defendant denies the allegations in Paragraph 13, 14, 15 and 16 of Plaintiff's Complaint.

8. Defendant states that the allegations contained in paragraph 17 of Plaintiff's Complaint constitute legal conclusions that do not require an admission or denial on the part of Defendant. However, to the extent such a response is required; Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

9. Defendant denies the allegations in Paragraph 18, 19, 20, and 21 of Plaintiff's Complaint.

**WHEREFORE**, having fully answered Plaintiff's Complaint in its entirety, Defendant prays to be dismissed from this action and awarded its costs herein incurred and for such other and further relief as the Court deems just and proper under the circumstances.

**AFFIRMATIVE DEFENSES**

**COMES NOW**, Defendant Yellow Transportation, Inc. (hereinafter "Defendant), by and through its undersigned counsel of record, and for its Affirmative Defenses states as follows:

1. Plaintiff's Complaint, and each and every allegation contained therein, fails to state a claim against Defendant upon which relief can be granted.

2. Further answering, Defendant denies each and every allegation contain in Plaintiff's Complaint not specifically admitted herein.

3. Further answering, Plaintiff's damage was directly caused by or directly contributed to by parties not under the control of this Defendant.

4. Further answering, if Plaintiff sustained any injury or damage as alleged, which Defendant denies, said injury or damage was caused or contributed to be caused by the actions or inactions of Plaintiff and/or others, whose fault must be compared, to reduce or bar any recovery claimed by Plaintiff pursuant to K.S.A. § 60-258(a).

5. Further answering, Plaintiff's claims against Defendant are preempted by state or federal law and/or applicable regulations or statutes.

6. Further answering, Plaintiff's claims are preempted by applicable portions of 49 CFR Title 49, including but not limited to, Parts 382, 390, 391 and 392 and/or K.S.A. Chs. 8 and 66.  Alternatively, the jury should consider compliance with applicable portions of 49 CFR Title 49, including but not limited to, Parts 382, 390, 391 and 392 and/or K.S.A. Chs. 8 and 66 as mitigating circumstances.

7. Further answering, Plaintiff's claims are barred by:

    (a) the applicable statutes of limitations;

    (b) the applicable statutes of repose;

    (c) the equitable doctrines of laches;

    (d) the equitable doctrines of consent;

    (e) the equitable doctrines of waiver; and/or

    (f)  the equitable doctrines of estoppels.

  8.  Further answering, the negligence, fault or carelessness of other persons or entities for whose conduct Defendant is neither responsible nor liable, including but not limited to that of Brian O'Dell, was the sole, intervening, or superseding cause of Plaintiff's alleged damages and, therefore, any recovery by Plaintiff against Defendant is barred.

  9.  Further answering, if Plaintiff was damaged as alleged in Plaintiff's Complaint, which Defendant specifically denies, Plaintiff's negligence, fault, or carelessness equaled or exceeded the alleged negligence, fault, or carelessness of Defendant and, therefore, any recovery by Plaintiff is barred pursuant to K.S.A. § 60-258a.

  10.  Further answering, if Plaintiff was damaged as alleged in Plaintiff's Complaint, which Defendant specifically denies, and if Plaintiff's negligence, fault or carelessness is found to be less than the alleged negligence, fault, or carelessness of Defendant, any recovery by Plaintiff shall be diminished in proportion to the amount of negligence, fault, or carelessness attributed to Plaintiff pursuant to K.S.A. § 60-258a.

  11.  Further answering, if Plaintiff was damaged as alleged in Plaintiff's Complaint, which Defendant specifically denies, the negligence, fault, or carelessness of others for whom Defendant is neither responsible nor liable, including but not limited to that of Brian O'Dell, directly caused or contributed to Plaintiff's alleged damages and, therefore, the trier of fact shall allocate the comparative fault of all parties and/or others not named as parties in proportion to the amount of negligence, fault, or carelessness attributable to each.

  12.  Further answering, if Plaintiff was damaged as alleged in Plaintiff's Complaint, which Defendant specifically denies, Plaintiff's assumption of the risk directly caused or contributed to Plaintiff's alleged damages and, therefore, any recovery by Plaintiff is barred.

13. Further answering, if Plaintiff was damaged as alleged in Plaintiff's Complaint, which Defendant specifically denies, Defendant complied with all other applicable legislative and administrative regulatory standards and, therefore, any recovery by Plaintiff against Defendant is barred pursuant to K.S.A. § 60-3304.

14. Further answering, if Plaintiff was damaged as alleged in Plaintiff's Complaint, which Defendant specifically denies, Plaintiff failed to mitigate his damages and, therefore, any recovery by Plaintiff should not include any loss which Plaintiff could have prevented by reasonable care and diligence exercised by him after the alleged loss referred to in Plaintiff's Complaint occurred.

15. Further answering, to the extent Plaintiff is awarded damages in this case, such damages are to be limited by K.S.A. § 60-19a02 and other statutory and/or other recognized limitations on damages.

16. Further answering, to the extent Plaintiff has been compensated for the alleged damages by receiving payment from any other persons or entities, the amount of any such compensation should be set off against any recovery Plaintiff may receive in this action.

17. Further answering, Defendant expressly reserves the right to raise any additional affirmative defenses as they may become known through investigation and/or discovery.

**WHEREFORE**, having fully answered Plaintiff's Complaint in its entirety, Defendant prays to be dismissed from this action and awarded its costs herein incurred and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**WALDECK, MATTEUZZI & SLOAN, P.C.**

*/s/ Matthew J. Brooker*
_____
Michael D. Matteuzzi    Kansas Bar #19611
(mmatteuzzi@wmskc.com)
Matthew J. Brooker    Kansas Bar #23214
(mbrooker@wmskc.com)
11181 Overbrook, Suite 200
Leawood, Kansas 66211
P:  913-253-2500 / F:  913-253-2501
**ATTORNEYS FOR DEFENDANT**

**Certificate of Service**

The undersigned certifies that on the 25th day of January, 2010, the foregoing was electronically filed with the United States District Court for the District of Kansas using the CM/ECF system which sent notification of such filing to the following:

J. Todd Hiatt
Ralston, Pope & Diehl, LLC
2913 S.W. Maupin Lane
Topeka, Kansas 66614
Telephone:  785-273-8002
Facsimile:  7895-273-0744
**ATTORNEYS FOR PLAINTIFF**

*/s/ Matthew J. Brooker*
_____
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SIGNING:**

The original of the foregoing document was signed by Matthew J. Brooker and is being kept in the client files of Waldeck, Matteuzzi & Sloan, P.C.